Feb. 24, 1908.

———o———

## No. 4372.

Court of Appeal, Parish of Orleans.

## AMERICAN SURETY CO. VS. THOMAS J. SHEA.

Where it appears that the life of a bond under its terms is to be

measured by the status of the contract, and that the surety is to be discharged from liability upon completion of the work, the surety can recover only such premiums as remain unpaid at the time the work is completed and accepted, i. e., the premiums proportionate to the duration of the risk.

Appeal from Civil District Court, Division E.

Howe, Spencer & Cocke, B. J. Mayer, for Plaintiff and Appellants.

McCloskey & Benedict, for Defendant and Appellee.

ESTOPINAL, J.   On February 20, 1902, Thomas J. Shea, the defendant, entered into a contract with various municipalities in Essex County, New Jersey, to-wit: Newark, Millburn, Summit, South Orange, West Orange and Irvington, to place between said municipalities, a system of sewers.   He was requested to furnish a bond for sixty-five thousand dollars ($65,-000.00), and in due time secured the American Surety Company, of New York, as surety on said bond, and the premium of six hundred and fifty dollars ($650.00), was paid in advance, Feb. 20, 1902.   Defendant's contract was completed and accepted July 9, of the next year, 1903.   The second premium under the terms of the application made by defendant for the bond, payable in advance each year, was therefore due on the 20th of February, 1903.   Plaintiff made no demand.   Plaintiff now sues to recover the sum of six hundred and fifty dollars ($650.00), amount of premium for the year beginning Feb. 20, 1903.

It is not denied by plaintiff that the defendant's contract was finished in the month of July, 1903, but the point is urged that the notice of completion and acceptance of the contract given the plaintiff, which it acknowledges to have received contemporaneously with the completion of work, was not such a notice as operated a cancellation of the bond discharging it of liability under the terms of the bond and contract, because not given by competent authority.

An examination of the contract and of the bond which is attached and made part of the contract, and which, in our opinion, must be considered in connection therewith, convinces us that there is no merit in this contention.

The notice to the plaintiff, and admitted by it, was given

by Alexander Potter, chief engineer in charge of the work, whose authority in reference thereto we find to be of a plenary character.

The plaintiff must, of course, be charged with intimate familiarity with all the terms of the contract, including those setting out the duties and authority of the chief engineer in charge.

Section 1, paragraph 2, page 3 of the contract, reads as follows: "Engineer Final Authority"—"The engineer in charge is sole judge of the manner of execution of the contract. The decision of the chief engineer in all cases shall be final." And on page 7, paragraph 10, of the contract is found the following:

"Authority of the Engineer."—"Whenever the word 'engineer' is used in this contract or specifications, it refers to Alexander Potter, chief engineer in charge of the work, or in case of the death of the said Alexander Potter, such other person as may be appointed for that purpose by the said joint meeting, and all explanations or directions necessary for the proper construction of the work shall be given by the Engineer."

Pretermitting for the present any discussion of any question of law that may be involved in this case, we deem it pertinent to consider what, from the record appears to have been the intent of the parties. Counsel for plaintiff urges that the clause in the application for the bond signed by defendant requiring the payment of the premium in advance, is conclusive that the entire premium was due. We cannot subscribe to this proposition.

To exact payment in advance is intended to insure or guarantee the payment of the premium. The defendant agreed to pay each year on the 20th of February, thereof, the sum of six hundred and fifty dollars ($650.00), "until he serve upon the surety, at its office, competent written legal evidence of its discharge from such suretyship and all liability by reason thereof."

It is quite evident that the life of the bond was measured by the status of the contract, the surety thereon being discharged from liability upon completion of the work.

Plaintiff earned a yearly premium of six hundred and fifty dollars ($650.00), by the assumption of a risk, but both law and equity would indicate that the surety is not entitled to claim

the entire premium, when the object of the risk passed out of existence within six months of the year.

It was agreed by plaintiff that the bond should run without evidence of cancellation until August 1, 1903.

Some days before that date Mr. Potter, chief engineer, notified plaintiff of the completion and acceptance of the work. His notification is not considered ample by the surety, and on this circumstance alone hinges the determination of the issues involved.

We are firmly of the opinion that under the terms of the contract the chief engineer's statement as to the status of the contract work, carried with it the same weight as that of the joint commission, notice from whom the plaintiff contends, was required before it was discharged from liability.

There was judgment below awarding to plaintiff the sum of two hundred and seventy dollars and eighty-three cents ($270.83), this amount being five-twelfths of the amount sued for. We think this does absolute justice between the parties.

We do not think the authorities cited by plaintiff, even if applicable in a case of this kind, which we question, are at all to the point. For the reasons assigned, it is now ordered, adjudged and decreed, that the judgment appealed from be affirmed, defendant to pay costs of the lower court, and the plaintiff to pay costs of appeal.

Feb. 24, 1908.

Rehearing refused March 23, 1908.